**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ROBERT D. GREER**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CV-03-BE-0290-S** |
| | ) | |
| **BIRMINGHAM BOARD OF** | ) | |
| **EDUCATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

Before the court is defendant Birmingham Board of Education's Motion for Summary

Judgment (Doc. 31).  For the reasons stated in this opinion, the court grants the defendant's

motion.

**I.  Facts**

Robert Greer, the plaintiff, is a U.S. citizen more than 40 years old.  From 1979- 2001 he

was employed with the Birmingham Board of Education (the Board) as a Journeyman

Electrician.  In September 2001, when Greer was 53, he applied for a promotion with the Board

as an electrical foreman. Greer did not get the promotion, but rather a younger employee, Harvey

Burnett who was 39 in 2001, was awarded the position.

Both Greer and Burnett had experience as journeymen electricians before applying for the

position of electrical foreman.  The journeyman electrician position required some supervisory

responsibilities[1].  Both Greer and Burnett had master electrician cards issued by the City of

---

[1] Viewing the evidence in the light most favorable to the plaintiff, no one disputes that a
journeyman electrician's responsibilities included supervising maintenance helpers and

Birmingham.  During the application process, board employees submitted letters of

recommendation on behalf of each candidate regarding their qualifications. Burnett and Greer

received performance evaluations during their employment with the Board; neither received a

below average score.  Greer had received one letter of reprimand for violating Board rules during

his employment with the Board.   Each candidate had the minimum qualifications established by

the Board in the Notice of Vacancy for the electrical foreman position, although Greer had been

employed with the Board longer than Burnett[2].  Both Burnett and Greer submitted applications

and received interviews for the electrical foreman position.  At some point during Greer's

employment with the Board, Gary Cook, who was new to his job as Director of Maintenance,

made a comment to some employees that "This is not the old service center. This is the new."

Greer brought suit against the Birmingham Board of Education under the Age

Discrimination in Employment Act 29 U.S.C. §261, *et seq*. (ADEA). Greer seeks a declaratory

judgment that the employment policies of the defendant violate the plaintiff's rights under the

ADEA, an injunction prohibiting the defendant from continuing to violate the ADEA,  a

comparable employment position with the Board, and other monetary damages that would make

the plaintiff whole.

## II.  *McDonnell Douglas Framework*

---

apprentice electricians.  *See Defendant's Motion for Summary Jugdment,* p.3 ¶ 11;  *Plaintiff's Brief*, p. 2 ¶ 11,  p.6, ¶ 18, and *Plaintiff's depo*, p.51.

[2]Greer admits that both he and Burnett had the minimum qualifications to interview for the position. *See Plaintiff's Brief*, p. 6, ¶ 15; *Defendant's Reply Brief,* doc. 43, p.2, ¶ 15.  *See also Defendant's Motion for Summary Judgment,* p. 16. The plaintiff also admits that nowhere in the Notice of Vacancy was there any requirement about the length of service a person had to have with the Board before they could apply for the electrical foreman position. *Plaintiff's depo*, p. 62.

Summary judgment is appropriate where there is no genuine issue of material fact, and "the moving party is entitled to a judgment as a matter of law." Federal R. Civ. P. 56 (c).   The court must consider all evidence in the light most favorable to the non-moving party, and "resolve all reasonable doubts in favor of the non-moving party." *Earley v. Champion Int'l*, 907 F.2d 1077, 1080 (11th Cir. 1990).  A court "however is not required to resolve *all* doubts in such a manner." *Id.*  Although the evidence must be viewed in a light most favorable to the non-moving party, the Eleventh Circuit notes "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is *merely colorable*, or is *not significantly probative*, summary judgment may be granted." *Earley v. Champion Int'l*, 907 F.2d 1077, 1080 (11th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)).  Thus "consideration of a summary judgment motion does not lessen the burdens on the non-moving party: the non-moving party still bears the burden of coming forward with sufficient evidence on *each element* that must be proved." *Id.*

The Supreme Court has held,

The plain language of Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.  The moving party is 'entitled to a judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp v. Catrett*, 477 U.S. 317, 322-23 (1986).

In a case "brought under the Age Discrimination in Employment Act (ADEA), the

plaintiff bears the ultimate burden of proving that age was a determinative factor in the employer's decision[.]" *Young v. Gen. Foods Corp.*, 840 F.2d 825 (11th Cir. 1988).

The Birmingham Board of Education moves for summary judgment on the grounds that the plaintiff cannot establish a *prima facie* case of age discrimination; that the Board had a legitimate, non-discriminatory reason for not promoting the plaintiff; that the plaintiff cannot establish that age was a motivating factor in the Board's employment decision; and that the Board is immune from suit under the Alabama Constitution, and the Eleventh Amendment of the United States' Constitution.

In cases alleging age discrimination, the same legal analysis that applies in Title VII claims will also apply to claims under the ADEA. *See Combs v. Plantation Patterns,* 106 F.3d 1519, 1530 n.4 (11th Cir. 1997). The evidence when viewed in a light most favorable to the non-movant, shows that the plaintiff has established a *prima facie* case of age discrimination based on circumstantial evidence.[3]  The Court of Appeals has held "[w]hen a plaintiff offers circumstantial evidence to prove a Title VII claim, we use the analytical framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973). . . . The establishment of a *prima facie* case creates a presumption of discrimination." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318,1331 (11th Cir. 1998) (emphasis added).

The Eleventh Circuit has held that "[t]o establish a prima facie case of discriminatory failure to promote [the plaintiff] must show that (1) he was in a protected group; (2) he was not given the promotion; (3) he was qualified for the position and (4) someone outside of the

---

[3]Plaintiff does not present any evidence to establish discriminatory motive based on direct or statistical discrimination.  The plaintiff only offers evidence seeking to establish discriminatory intent through circumstantial evidence.

protected group was given the position." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1333

(11th Cir. 1998). The plaintiff Mr. Greer was 53, in the protected age range of the ADEA. *See*

*Damon v. Fleming Supermarkets of Fla., Inc.* 196 F.3d 1354 (11th Cir. 1999). He was not

promoted. Greer was qualified for the position he was seeking. The record shows that Mr. Greer

had worked for the Board for 22 years, and that he met the minimum requirements established in

the Notice of Vacancy for the position. Harvey Burnett, who was 39 at the time and, therefore,

outside the protected group received the promotion. Therefore by satisfying all the necessary

requirements, the plaintiff has established a *prima facie* case of discrimination, under the

*McDonnell Douglas* framework.

However, despite the fact that the plaintiff established a prima facie case of

discrimination, the case may still be dismissed on summary judgement if the defendant has a

legitimate, non-discriminatory reason for its employment decision, and the plaintiff cannot

establish that this proffered reason is but a pretext for discriminatory animus. The Court of

Appeals notes that

> [a] plaintiff, when faced with a motion for summary judgment. . .must respond
> sufficiently to any rebuttal by the defendant to create a genuine issue of material
> fact. Even where a prima facie case has been established but the defendant has
> rebutted with a proffer of legitimate, nondiscriminatory reasons. . ., a genuine
> issue of material fact is not automatically presented. . . .[O]nce established, a
> prima facie case creates a rebuttable presumption of discrimination; but this
> presumption alone does not create an inference that a material fact, sufficient to
> present a jury question, is in issue.

*Young v. Gen. Foods Corp.*, 840 F.2d 825, 828-29 (11th Cir. 1988).

The defendant's burden of producing a legitimate, non-discriminatory reason, at this

juncture of the analysis is "exceedingly light." *Smith v. Horner*, 839 F.2d 1530, 1537 (11th Cir.

1988). The Board does "not have to persuade the court that it was actually motivated by the

proffered reasons." *See Miles v. M.N.C. Corp.*, 750 F.2d 867, 869 (11th Cir. 1985).

The Board promoted Burnett, because it concluded he was the best candidate for the job. The defendant's decision was based on Burnett's qualifications.  Burnett produced several recommendation letters, and had a positive work history with the Board.  Burnett's performance evaluations were all average or above average,  and unlike Greer, Burnett never received a letter of reprimand during his employment for violating Board rules.  Equally as important, Burnett also had some supervisory work in his position as a journeyman electrician.  Although Greer also had supervisory skills as a journeyman electrician, above average performance evaluations, and a longer tenure with the Board, the Eleventh Circuit has held, "[i]f an employer selects the person it believes is best qualified, an argument of pretext ordinarily will fail."  *Smith v. Horner*, 839 F.2d 1530, 1538 (11th Cir. 1988). Burnett's work history and qualifications establish sufficient evidence to satisfy the defendant's "exceedingly light" burden of producing a legitimate reason for promoting Burnett over Greer.

Greer argues in response that Burnett's promotion was but a  pretext for age discrimination because Greer was the more qualified candidate.  The plaintiff has not presented any "significantly probative" evidence on this issue of pretext to avoid summary judgment. *See Young v. Gen. Foods Corp.*, 840 F.2d 825, 829 (11th Cir. 1988).  Burnett was qualified for the position, based on the requirements set by the board.  The trial court is "not in the business of adjudging whether employment decisions are prudent or fair.  Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." *Damon v. Fleming Supermarkets*, 196 F. 3d 1354, 1361 (11th Cir. 1999).  As the Court of Appeals has noted

> [t]itle VII does not require an employer to hire or promote the most qualified applicant.  Nor does it require that a candidate be given preference over other applicants. . .Rather it merely requires that employers not disadvantage certain employees.  Where. . .several candidates are well-qualified for a single position, and the district court accepts the employer's testimony that it chose the person it thought best qualified for the job, that finding ordinarily will not be overturned on appeal.

*Smith v. Horner*, 839 F.2d 1530, 1539 (11th Cir. 1988).

The plaintiff's argues he "was the most qualified for the position. . .so much more so than Burnett," that it was "implausible [that the Board] would promote Burnett over the plaintiff." *Plaintiff's Brief*, p. 17.  However the Eleventh Circuit has held that "in a failure to promote case, a plaintiff cannot prove pretext by simply showing that he was better qualified than the individual who received the position that he wanted." *Ash v. Tyson Foods, Inc.,* 129 F. App'x 529 (11th Cir. 2005) (citing *Lee v. GTE Florida, Inc.*, 226 F.3d 1249, 1253 (11th Cir. 2000)).  Therefore, based on the foregoing facts, plaintiff's argument that he was *more qualified* for the position must fail.  As the Eleventh Circuit has held "Federal Courts do not sit as a super-personnel department that reexamines an entity's business decisions. . .Rather our inquiry is limited to whether the employer gave an honest explanation of its behavior. We do not ask whether the employer selected the most qualified candidate, but only whether it selected the candidate based on an unlawful motive." *Cooper v. Southern Co.*, 390 F.3d 695, 730 (11th Cir. 2004).

As a second argument, the plaintiff contends the Board's proffered reasons for promoting Burnett were but a pretext for discriminatory animus because of the "shifting reasons [of the Board's] employment action" that "sustain an inference" that its  "explanation is unworthy of credence." *Plaintiff's Brief* p. 19, citing *Cleveland v. Home Shopping Network*,

369 F.3d 1189, 1194-95 (11th Cir. 2004).  However, based on the evidence in the record, the defendant has not shifted its reasoning.  In its EEOC statement, the defendant asserted that one of the reasons Burnett was chosen for the promotion was because of his leadership ability.  Similarly, in defendant's summary judgment motion, the Board addresses how Burnett's leadership qualities made him a good candidate for the new job.  Contrary to the plaintiff's assertion, the defendant does not proffer shifting reasons, but at each instance asserts that Burnett's managerial experience which included supervising maintenance helpers/apprentice electricians in his position as a journeyman electrician was a reason he received the promotion. *Defendant's Motion for Summary Judgment*, p. 16. While a dispute exists about the *amount* of leadership experience Burnett possessed, no question exists that Burnett served as a journeyman electrician from 1994 until 2001, and that in his capacity as a journeyman electrician, he had a leadership role[4].

Equally as important, in the EEOC statement, the defendant asserted Burnett was chosen *not only* because of his leadership ability, but also because Burnett possessed "the stated qualifications." *EEOC Position statement, Plaintiff's evidentiary submission*, exhibit 6. The plaintiff cannot now suggest that Burnett did not meet the minimum qualifications for the promotion when in his statement of facts, he concedes that Burnett was qualified according to the standards in the Notice of Vacancy. *See* supra footnote 2.  The plaintiff's second pretext

---

[4]The plaintiff disputes that Burnett ever held the leadership position of *acting electrical foreman* for six months while the then current electrical foreman, Charles Jones, received cancer treatments.  However, the plaintiff admits the supervisory nature of the journeyman electrician job in *Plaintiff's Brief*, p. 2 ¶ 11,  p.6, ¶ 18.  Therefore, even when viewing the evidence in favor of the plaintiff that Burnett was never *acting electrical foreman*, the evidence shows that his experience as a journeyman electrician also entailed leadership responsibilities.

argument is unsupported because the defendant consistently maintains in both its EEOC statement and its motion for summary judgment that Burnett's leadership abilities, along with possessing the stated qualifications, were factors in awarding him the promotion.

Finally, to rebut the defendant's proffered legitimate reason, the plaintiff alleges that Gary Cook's comment that "This is not the old service center. This is the new" was evidence showing the decision maker had "made comments showing a retaliatory animus." *Plaintiffs Brief*, p. 20, citing *Miles v. M.N.C. Corp*, 750 F.2d 867, 873 (11th Cir. 1985).   The Eleventh Circuit has held that "language not amounting to direct evidence, but showing some [discriminatory] animus, may be significant evidence of pretext once a plaintiff has set out the prima facie case." *Jones v. Bessemer Carraway Med. Ctr.*, 151 F.3d 1321, 1323 n.11 (11th Cir. 1998).

A plaintiff may prove pretext by "direct evidence of discrimination, in the form of discriminatory statements and admissions." *Woody v. St. Clair County*, 885 F.2d 1557, 1569 (11th Cir. 1989) (citing *Miles v. M.N.C. Corp.*, 750 F.2d 867, 870 (11th Cir. 1985)).   The plaintiff in this case contends that Cook's comments "show a clear discriminatory animus on the part of the decision maker." *Plaintiff's Brief*, p. 21.   When a plaintiff is "trying to prove pretext, the plaintiff can demonstrate that the proffered reasons were not the true reasons for the employer's decision either by directly persuading the court a discriminatory reason *more likely* motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Miles v. M.N.C. Corp.* 750 F.2d at 870 (emphasis added).

However, despite the plaintiff's proffer of evidence, "not every comment. . .presents direct evidence of discrimination. . . . [R]emarks merely referring to characteristics associated

9

with increasing age, or *facially neutral comments* from which a plaintiff has *inferred* discriminatory intent, are not directly probative of discrimination. Rather courts have found only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age to constitute direct evidence of discrimination." *Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir. 1989) (citing *Young v. Gen. Foods Foods Corp.*, 840 F.2d 828, 829 (11th Cir. 1988)) (emphasis added).

In *Damon v. Fleming Supermarkets,* the Eleventh Circuit noted cases where the remarks by the employer could constitute sufficient discriminatory animus to establish pretext.  These cases included *Alphin v. Sears, Roebuck & Co.*, (holding that a remark by supervisor to plaintiff that he had 'been around too long and was too old and was making too much money'. . was circumstantial evidence of age discrimination) and *Beaver v. Rayonier Inc.*, (holding that decision maker's comment that he wanted 'younger' employees to constitute circumstantial evidence of a discriminatory motive).  *Alphin v. Sears, Roebuck & Co.* 940, F.2d 1497, 1499 (11th Cir. 1991); *Beaver v. Rayonier Inc.*, 188 F.3d 1279, 1286 (11th Cir. 1999).  Cook's alleged statement differs from these examples because they made  no reference to the plaintiff or any employee, but to the *service center*.  Although Cook's statement mentions the word "old" he never mentions wanting a younger employee.  The word Cook uses to describe the service center is "new," not "young."  While "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated," in this case, the plaintiff has not made a sufficient showing.  *See Boyce v. Belden*, 2002 WL 171697, at *8 (M.D. Ga. 2002).  The plaintiff fails to produce *adequate* evidence that the employer's reason for not

10

giving him the promotion was more than likely false.  Cook's statement, even when viewed in the light most favorable to the plaintiff does not show that the comment was *age* related to a particular person.

Because plaintiff has not rebutted the defendant's legitimate reason with any significantly probative evidence showing that the promotion of Burnett was a pretext for age discrimination, summary judgment for the defendant is due to be granted.

As to the plaintiff's constructive termination claim alleged in his complaint, the plaintiff voluntarily dismissed this charge in his responsive brief. *Plaintiff's Brief*, p.1. Therefore, the court will dismiss the termination claim as well.

### III. Immunity

The defendant also bases its motion for summary judgment on sovereign immunity under Article I § 14 of the Alabama Constitution, and Eleventh Amendment immunity under the United States' Constitution.  The defendant argues that the Board is an agency of the state, and therefore, must be immune from suit under the ADEA.  *See Defendant's Motion for Summary judgment*, p 24; citing  *Kimmel v. Florida Bd. Of Regents*, 528 U.S. 62 (2000) (concluding that "in [enacting] the ADEA, Congress did not validly abrogate the states' sovereign immunity to suits by private individuals;" thus, state universities are immune from suit under the ADEA).

The issue is whether local school boards of education fall within the classification "arm of the State" for purposes of immunity under the ADEA. *See Stewart v. Baldwin Co. Bd. of Educ.*, 908 F.2d 1499, 1509 (11th Cir. 1990). Although the defendant presents ample *Alabama* case law that defines local school boards as state agencies, the defendant is unable to produce

binding legal authority to substantiate its argument that federal law considers local school boards to be state agencies for purposes of the ADEA.

This court addressed this issue and defendant's argument in its denial of the defendant's Motion to Dismiss. (Doc. 25)  This court currently continues to be persuaded by the binding authority of *Stewart v. Baldwin Co. Bd. of Educ.*, and maintains its previous position in following that holding that local school boards are not arms of the State of Alabama under the ADEA, and therefore not entitled to immunity.  *See Stewart v.  Baldwin Co. Bd. of Educ.*, 908 F.2d 1499 (11th Cir. 1990) (holding that a local Alabama school board was not an arm of the state and could not assert an Eleventh Amendment immunity defense).  This court has found no material change in the legal status of local Alabama school boards since the *Stewart* decision, and the defendant fails to present any further significant factual evidence on this issue to support its motion for summary judgment.  While summary judgment is due to be granted to the defendant because of plaintiff's inability to show pretext,  defendant's motion for summary judgment based on state and federal constitutional immunity grounds is due to be denied.

In conclusion, summary judgment is due to be granted to the defendant because of the plaintiff's inability to show pretext.  Even though the plaintiff was able to establish a *prima facie* case of age discrimination based on circumstantial evidence, a *prima facie* case does not preclude summary judgment for the employer.  *See Young v. Gen. Foods Corp.,* 840 F.2d 825, 828 (11th Cir. 1988).  No genuine issue of material fact exists that the Board  failed to promote Greer because of a discriminatory animus regarding his age.  The Board is entitled to judgment as a matter of law.  As such, summary judgment in favor of the defendant is granted.

DONE and ORDERED this 11th day of August, 2005.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE